**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ronnie Lee Groce**
aka Ronnie Groce, aka Ronnie L Groce, aka Ron Groce, and others...
    Debtor(s)

Bankruptcy Case No.: 15–10632–TPA
Per October 4, 2016 Proceeding
Chapter: 13
Docket No.: 48 – 35, 41, 42
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* **PLAN CONFIRMATION:**

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 15, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $947.00 as of October, 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H. Additional Terms: 1) Fee Application needed if fees (including retainer) exceed $4,000.00. 2) Greenville Savings and Loan is moved from part 5(6) to Part 5(a) of the Plan. No further distributions shall be made to Goldman Sachs, as that creditor has advised the Trustee that the claim is not payable to Goldman Sachs. Unless an Amended Plan is filed naming the correct payee, the unsecured creditors shall receive the funds otherwise listed in the Plan for Goldman Sachs.

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**     **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**     **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**     **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**     **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**     **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty-one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre-confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: October 11, 2016

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Ronnie Lee Groce
    Debtor

Case No. 15-10632-TPA
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-1            User: vson              Page 1 of 2              Date Rcvd: Oct 11, 2016
                                Form ID: 149           Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2016.
db           +Ronnie Lee Groce,    13 Lebanon Ave,   Greenville, PA 16125-1935
14061959     +Aas Debt Recovery Inc,    2526 Monroeville,   Monroeville, PA 15146-2358
14097017     +Greenville Borough,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
               Norristown, PA 19404-3020
14061962     +Greenville Savings Bank,    233 Main Street,   Greenville, PA 16125-2059
14061964      Mercer County Tax Claim Bureau,    3 Courthouse,   Mercer, PA 16137-1223
14061966      Mercer County Tax Claim Bureau,    3 Courthouse,   Mercer, Pennsylvania 16137-1223
14061968    #+Portnoff Law Associates, Ltd,    1000 Sandy Hill Road,    Suite 150,   Norristown, PA 19401-4181
14061969     +Rushmore Loan Management Services,    PO Box 52708,   Irvine, CA 92619-2708
14061970     +Stern & Eisenberg, PC,    1581 Main Street, Suite 200,   The Shops at Valley Square,
               Warrington, PA 18976-3400
14061972     +Verizon,   1515 Woodfield Rd Ste140,    Schaumburg, IL 60173-6067
14061973     +Warren R. Keck, III, Esquire,    206 Main Street, Suite A,   Greenville, PA 16125-2139
14061974     +Wells Fargo Financial Bank,    420 Montgomery Street,   San Francisco, CA 94104-1298
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14061960     +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Oct 12 2016 02:11:23      Asset Acceptance,
               Po Box 2036,   Warren, MI 48090-2036
14061961     +Fax: 407-737-5634 Oct 12 2016 02:57:49     Goldman Sachs Mortgage Company,
               c/o Ocwen Loan Servicing, LLC,    1661 Worthington Road,   Suite 100,
               West Palm Beach, FL 33409-6493
14061963      E-mail/Text: cio.bncmail@irs.gov Oct 12 2016 02:11:04      Internal Revenue Service,
               Central Insolvency Operations,    PO Box 21126,   Philadelphia, PA 19114-0326
14061967     +E-mail/Text: bankruptcydpt@mcmcg.com Oct 12 2016 02:11:26      Midland Credit Management, Inc.,
               8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
14061971     +E-mail/Text: zach.feenstra@eos-cca.com Oct 12 2016 02:10:58      True North Ar,
               9 Commercial Blvd,    Novato, CA 94949-6118
                                                                                              TOTAL: 5

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            GOLDMAN SACHS MORTGAGE COMPANY
cr*          +Greenville Borough,   c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
               Norristown, PA 19404-3020
14061965*    +Mercer County Tax Claim Bureau,    3 Courthouse,   Mercer, PA 16137-1223
                                                                                   TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2016                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 11, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor   GOLDMAN SACHS MORTGAGE COMPANY
               agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              James R. Wood    on behalf of Creditor    Greenville Borough jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Stephen H. Hutzelman    on behalf of Debtor Ronnie Lee Groce shutzelman@shapiralaw.com,
               shutzelman@ecf.inforuptcy.com;ann@shapiralaw.com
              Stephen H. Hutzelman    on behalf of Plaintiff Ronnie Lee Groce shutzelman@shapiralaw.com,
               shutzelman@ecf.inforuptcy.com;ann@shapiralaw.com

```
District/off: 0315-1          User: vson                Page 2 of 2            Date Rcvd: Oct 11, 2016
                              Form ID: 149              Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

TOTAL: 6